## In re BENSEL et al.

### In re NORTHERN AQUEDUCT, SECTION 6, PARCELS 309 AND 310.

(Supreme Court, Appellate Division, Second Department. June 27, 1913.)

EMINENT DOMAIN (§ 237*)—PROCEEDINGS—AWARD BY COMMISSIONERS—MODIFICATION—POWER OF COURT.

　　Where an award for the fee damage to two parcels of land was confirmed and returned to the commissioners for an apportionment between the two parcels, and the commissioners made such an apportionment, but stated that the sums were for the equity in the lots, which were severally subject to mortgages, the court has no power to correct the apportionment, but it must be sent back to the commissioners to apportion according to the fee value of each parcel, and to state what mortgages cover the parcels, and by whom they are held.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Appeal from Special Term, Putnam County.

Petition of John A. Bensel and others for an award of compensation for condemnation for the northern aqueduct of section 6, parcels

309 and 310. Appeal by the petitioners from an order modifying the award of the commissioners. Order reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Charles Harwood, of New York City (M. B. Patterson, of Nyack, on the brief), for appellant Stern.

J. Bennett Southard, of New York City, for appellant Hudson-Highlands Quarries Co.

Woodson R. Oglesby, of New York City, for appellant Bailey.

Louis C. White, of New York City, for respondents.

PER CURIAM. The order is right in purpose, but the commissioners rather than the court should correct their error. After the fourth separate report awarding $8,500 for the fee damage for the taking of parcels 309 and 310 and the confirmation of the same, the proceeding was returned to the commissioners to apportion that award between the two parcels. But in disregard of their earlier report and the direction of the court they apportioned $6,140 to parcel 309 and $2,360 to parcel 310, but stated that each sum was "the sum ascertained and determined by us as aforesaid as and for the value of the equity, interest, right or title of the" company in the land, and the parcels were stated to be subject severally to mortgages, one for $15,000 and the other for $13,000. This departure from the order and attempt to make a new award was without authority, and was in plain contradiction of the award confirmed and in violation of the order returning the matter to them.

But the court at Special Term has done what it is the commissioners' province to do, viz., made the report for apportionment, and, as it was not empowered to do this, the order appealed from should be reversed without costs, and the proceeding returned to the commissioners to apportion the award between parcels 309 and 310 according to the fee value of each parcel, and to state what mortgages severally cover the parcels, and by whom they are held.